[No. D045949. Fourth Dist., Div. One. Jan. 12, 2006.]

ANTHONY JARAMILLO, Plaintiff and Appellant, v.
STATE BOARD FOR GEOLOGISTS AND GEOPHYSICISTS, Defendant
and Respondent.

## COUNSEL

Anthony Jaramillo, in pro. per., for Plaintiff and Appellant.

Bill Lockyer, Attorney General, and James M. Ledakis, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**NARES, Acting P. J.**—Appellant Anthony Jaramillo, a small business owner operating under the name of Radar Water Geophysics, entered into a written contract with David Deuling, a landowner in Anza, California, to provide a

computer profile of subsurface conditions to locate groundwater on Deuling's property (the Anza parcel). Jaramillo, who is not a licensed geophysicist, has never studied geophysics and was not working under a licensed geophysicist, advertised his business on a Web site titled "Radar Water Geophysics," which represented that he specialized in "acquifer location" and used "electronic techniques for analysis of groundwater resources" to "identify the aquifer's geologic characteristics . . . ."

Respondent Board for Geologists and Geophysicists of the State of California Department of Consumer Affairs (the Board) cited Jaramillo under Business and Professions Code[1] section 7832[2] for practicing or offering to practice geophysics for others in violation of section 7872, subdivision (a) (hereafter section 7872(a)),[3] and ordered him to pay a $2,500 fine. Following an evidentiary hearing, the administrative law judge (the ALJ) found that Jaramillo was practicing geophysics without a license in violation of section 7872(a) and issued a proposed decision that sustained the citation and ordered him to pay the fine and "cease and desist from violating . . . sections 7832 and 7872(a)." The Board adopted the ALJ's proposed decision as its own.

Jaramillo challenged the Board's decision by filing in superior court a petition for writ of mandate under Code of Civil Procedure section 1094.5 (the petition), which the Board opposed. The court denied the petition following oral argument.

Jaramillo contends that (1) the administrative decision affected his fundamental right to operate his business, and thus the court committed reversible error when it failed to apply the independent judgment standard of review, finding that no fundamental right was implicated in this case; (2) even if the court properly applied the substantial evidence test, there is no substantial evidence to support the court's decision upholding the Board's decision; and

---

[1] All further statutory references are to the Business and Professions Code unless otherwise specified.

[2] Section 7832 provides: "Any person, *except as* in this chapter specifically *exempted*, who shall *practice or offer to practice* geology or *geophysics for others* in this state is subject to the provisions of this chapter." (Italics added.) This section is found in chapter 12.5 (Geologists and Geophysicists) of division 3 (Professions and Vocations Generally) of the Business and Professions Code.

[3] Section 7872(a) provides in part: "Every person is guilty of a misdemeanor and for each offense of which he is convicted is punishable by a fine of not more than one thousand dollars ($1,000) or by imprisonment not to exceed three months, or by both fine and imprisonment: [¶] (a) Who, *unless he is exempt* from registration under this chapter, *practices or offers to practice* geology or *geophysics for others* in this state according to the provisions of this chapter without legal authorization." (Italics added.)

(3) he was denied a fair hearing because the Board failed to provide adequate notice of the charges against him.

We conclude the court did not err by applying the substantial evidence test, substantial evidence supports both the Board's decision and the judgment entered by the court, and Jaramillo was not denied a fair hearing. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Contract and Services Rendered*

In late 2002 Deuling hired Jaramillo to locate groundwater on the Anza parcel. Jaramillo, through his Radar Water Geophysics business, entered into a written contract with Deuling under which Jaramillo agreed to provide a computer profile of subsurface conditions to locate groundwater on Deuling's property. After Jaramillo conducted "site surveys and profilings," Deuling paid Jaramillo with a check and then stopped payment on that check. Jaramillo brought a small claims action against Deuling to collect the payment he claimed Deuling owed him for his services, and Deuling filed a complaint against Jaramillo with the Board alleging that Jaramillo was providing geophysics services without a license.

### B. *Citation*

In January 2003 the Board's executive officer, Paul Sweeney, acting on behalf of the Board under authority provided by title 16 California Code of Regulations section 3062,[4] issued citation No. 01-2000-49 (the citation) citing Jaramillo for practicing or offering to practice geophysics without legal authorization in violation of sections 7832 (see fn. 2, *ante*) and 7872(a) (see fn. 3, *ante*) of the Geologist and Geophysicist Act (§ 7800 et seq.) (hereafter occasionally referred to as the Act). The citation ordered Jaramillo to pay an administrative fine in the amount of $2,500 and to "cease and desist from violating" sections 7832 and 7872(a).

In its description of Jaramillo's violation of the Act, the citation stated in part: "[Jaramillo] conducted a site geophysical reconnaissance [and] site

---

[4] All further references to regulations are to title 16 of the California Code of Regulations. Section 3062, subdivision (a) of the regulations provides: "The executive officer is authorized to issue citations containing orders of abatement or administrative fines pursuant to Business and Professions Code sections 148 and 149 against persons acting in the capacity of or engaging in the practice of a geologist, geophysicist, or certified specialist within this state without registration or certification in any discipline as a geologist, geophysicist, or certified specialist."

inspection, and evaluated the potential for subsurface water at [the Anza parcel]. [Jaramillo] provided geophysical consulting services documented in the signed 'Radar Water Geophysics' invoice, dated November 24, 2002 to [Deuling]. These activities constitute the professional practice of geophysics in the State of California. [¶] The aforementioned work completed by [Jaramillo] demonstrate[s] that [Jaramillo] conducted analyses and made interpretations, conclusions and recommendations constituting the professional practice of geophysics in the State of California. Consequently, [Jaramillo] violated . . . section 7872(a) when he engaged in the practice of geophysics, interpreted the site geophysical dat[a], and made recommendations based on geophysical interpretations. These violations constitute grounds for disciplinary action under . . . section 7872(a). [¶] Board records show that [Jaramillo] has not held registration as a geologist, geophysicist or professional engineer in the State of California on or about the times of the work completed at the [Anza parcel]. Therefore, at all times relevant [Jaramillo] was not licensed to practice geophysics or offer to practice geophysics for others in the State of California."

C.  *Administrative Hearing*

Jaramillo contested the citation, and an ALJ conducted an evidentiary hearing on the matter. The parties stipulated to the admission of seven exhibits: (1) the citation and various pleadings; (2) the Board's March 2003 certification that Jaramillo is not and never has been licensed as a registered geologist, registered geophysicist, certified engineering geologist, or certified hydrogeologist; 57, 59); (3) copies of the Act, the Board's rules and regulations (including §§ 3003 & 3062.1), and relevant statutes (including §§ 7832 & 7872(a)); (4) photographs of highway signs advertising Jaramillo's business; (5) printouts of Jaramillo's Web sites; (6) Jaramillo's November 2002 contract with Deuling for which the Board cited Jaramillo; and (7) Jaramillo's letter to Deuling, dated December 6, 2002, on Radar Water Geophysics letterhead. The court also received in evidence a copy of a November 2003 temporary restraining order prohibiting Jaramillo from practicing or offering to practice professional geology or professional geophysics, and from maintaining Web sites that engage in or advertise such practices, pending resolution of the Board's citation against him.

The Board called two witnesses: Tony Sawyer and Sweeney. Sawyer, a licensed California geologist and hydrogeologist who is the chairman of the Board's technical advisory committee and who assists in writing regulations for the Board, testified that Jaramillo was offering geophysical services to the

public. Sweeney, the Board's executive officer, testified that Jaramillo was offering to provide geophysics services without a license.

In his defense, Jaramillo testified on direct examination that he had provided "nonprofessional" services to Deuling, and thus he was exempt from licensure under section 3003 of the regulations, which exempts those who are doing nonprofessional geophysics or geologic work.

In rebuttal, the Board recalled Sawyer as a witness. Sawyer testified that Jaramillo was not exempt from licensure because his work required the interpretation of geology, he did not have a degree, he was not licensed, and he was not working toward getting a license.

### D. *ALJ's Proposed Decision*

After the hearing, the ALJ issued a proposed decision upholding the citation and setting forth various findings of fact and conclusions of law. In factual finding No. 2, the ALJ found that Jaramillo did not hold any registration as a geologist, geophysicist or professional engineer in California and had not held such a registration at any relevant time, and thus he was not authorized to practice geophysics or to offer to practice geophysics for others in the state.

In factual finding No. 3, the ALJ found that the services Jaramillo provided to Deuling constituted the professional practice of geophysics. Specifically, factual finding No. 3 of the ALJ's proposed decision stated: "[Jaramillo] owns a business that performs water locating services for property owners. He advertises that he can locate water and performs such services for those that hire him. In November 2002, [Jaramillo] conducted a site geophysical reconnaissance, site inspection, and evaluation of the potential for subsurface water on [the Anza parcel] for customer [Deuling]. [Jaramillo] provided geophysical consulting services at the Anza parcel and documented the geophysical services in an invoice he gave Deuling entitled 'Radar Water Geophysics' dated November 24, 2002. [Jaramillo] conducted analyses and made interpretations, conclusions, and recommendations all of which constituted the professional practice of geophysics. *The activities [Jaramillo] provided to Deuling at the Anza parcel constituted the professional practice of geophysics in the State of California.*" (Italics added.)

The ALJ's factual finding No. 4 rejected Jaramillo's testimony that he was performing only nonprofessional services and thus was exempt from licensing. Specifically, factual finding No. 4 of the proposed decision stated: "[Jaramillo] testified at the hearing that he does not believe he is doing

anything wrong in his business. He claims he is performing only non-professional services for his customers and such services are *exempt from the laws requiring a license to practice geophysics.* However, *the expert testimony to the contrary* is overwhelming and very persuasive. The evidence is clear that [Jaramillo] is indeed engaging in the unlicensed practice of geophysics. Such unlicensed practice is a threat to the public, particularly in light of the fact that [Jaramillo] does not have the training or education required for licensure." (Italics added.)

The ALJ's proposed decision concluded that cause existed to sustain the citation for violation of sections 7832 and 7872(a)[5] and ordered Jaramillo pay to the Board a fine in the amount of $2,500 within 30 days of the effective date of the Board's final decision. It also ordered Jaramillo to cease and desist from violating sections 7832 and 7872(a).

### E. *Board's Decision*

The Board adopted the ALJ's proposed decision as its own and stated it "shall become effective immediately."

### F. *The Petition*

Jaramillo challenged the Board's decision by filing the petition in superior court. Jaramillo's supporting points and authorities asserted that the trial court was required to apply the independent judgment standard of review because the Board's decision involved his fundamental vested rights in that his "right to operate his business and thereby make a living is at stake." Jaramillo argued that the issue to be decided was whether his water-locating activities were nonprofessional such that he was "exempted from the statutory licensing requirements for professional geophysicists." He asserted that the Board proceeded without or in excess of jurisdiction because his services were "nonprofessional and, as such, exempt from licensure." He also asserted that the Board abused its discretion because it did not proceed in the manner required by law, its decision was not supported by the findings, and the findings were not supported by the evidence. Specifically, Jaramillo maintained that the evidence was insufficient to support the Board's claim that he

---

[5] Conclusion of law No. 1 stated: "Cause exists to sustain the citation for violation of . . . sections 7832 and 7872(a) and . . . section 3062.1 [of the regulations] in that [Jaramillo] practiced or offered to practice geophysics without a license and without legal authorization, as set forth in Findings 2, 3, and 4." Conclusion of law No. 2 stated: "Cause exists to sustain the citation ordering [Jaramillo] to cease and desist from violating . . . sections 7832 and 7872(a) in that [Jaramillo] has engaged in the unlicensed and unauthorized practice of geophysics, as set forth in Findings 2, 3, and 4."

was not exempt from licensure because the only charge he faced was the unlicensed practice of geophysics, and the Board's proof was based entirely on the testimony of Sawyer, who was not licensed in the field of geophysics and thus was not qualified to testify as an expert about geophysics.

The Board filed written opposition to the petition, arguing that the substantial evidence test applied because Jaramillo was not licensed, he was not a member of the geophysical profession, and thus no fundamental vested right was involved. The Board asserted that it was authorized under section 3062.1 of the regulations (discussed, *post*) to issue the fine against Jaramillo for the unauthorized practice of geophysics, Jaramillo was not denied a fair trial, the Board's findings and decision were supported by substantial evidence, and the Board did not abuse its discretion. Noting that Sawyer was a licensed geologist, not a licensed geophysicist, the Board also argued that as the chairman of the Board's advisory committee that writes the rules and regulations for the Board, Sawyer had the background, education and experience to understand the scope of work of a geophysicist, and he properly testified as an expert on Board law.

### G. *Court's Denial of the Petition*

The court denied the petition following oral argument. Finding that Jaramillo did not have a legally or legitimately acquired fundamental vested right to provide unlicensed geophysical/geological services to the public, the court applied the substantial evidence test. The court found that the Board did not abuse its discretion, the Board had jurisdiction under section 3062 of the regulations, and the administrative record contained substantial evidence that supported the Board's finding that Jaramillo practiced or offered to practice geophysics without a license and without legal authorization in violation of sections 7832 and 7872(a). Citing Evidence Code section 353, subdivision (a), and *Tennant v. Civil Service Com.* (1946) 77 Cal.App.2d 489, 498 [175 P.2d 568] (*Tennant*), the court also found that Jaramillo had waived his challenge to Sawyer's qualifications and testimony by failing to object at the administrative hearing. Jaramillo's timely appeal followed.

### DISCUSSION

### I

### *STANDARD OF REVIEW*

Jaramillo contends the Board's administrative decision affected his fundamental right to operate his business, and the court committed reversible error

when it found that no fundamental right was implicated in this case and failed to apply the independent judgment standard of review. As he did below, Jaramillo contends that the Board's findings must be reviewed under the independent judgment standard because the Board's decision infringes a fundamental vested right: his right to operate his business and thereby make a living. We conclude the court did not err by applying the substantial evidence test.

## A. *Applicable Legal Principles and Standard of Review*

Code of Civil Procedure section 1094.5 "sets out the procedure for obtaining judicial review of a final administrative determination by writ of mandate." (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 810 [85 Cal.Rptr.2d 696, 977 P.2d 693] (*Fukuda*).) Subdivision (b) of that section provides that "[t]he inquiry in such a case shall extend to the questions whether the [agency] has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the [agency] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." Subdivision (c) of that same section provides in full: "Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its *independent judgment* on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." (Italics added.)

If, in an administrative mandamus case, the underlying administrative decision "substantially affects a *fundamental vested right,* the trial court, in determining under [Code of Civil Procedure] section 1094.5 whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its *independent judgment* on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence." (*Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 32 [112 Cal.Rptr. 805, 520 P.2d 29], italics added; see also *Goat Hill Tavern v. City of Costa Mesa* (1992) 6 Cal.App.4th 1519, 1525 [8 Cal.Rptr.2d 385] (*Goat Hill Tavern*).)

If the administrative decision does not substantially affect a fundamental vested right, the trial court considers only whether the findings are supported

by substantial evidence in the light of the whole record. (*Strumsky, supra,* 11 Cal.3d at p. 32; *Goat Hill Tavern, supra,* 6 Cal.App.4th at pp. 1525–1526.)

"Section 1094.5 does not, on its face, specify which cases are subject to independent judgment review." (*Fukuda, supra,* 20 Cal.4th at p. 811.) " 'Whether an administrative decision substantially affects a fundamental vested right must be decided on a case-by-case basis. [Citation.] Although no exact formula exists by which to make this determination [citation] courts are less sensitive to the preservation of purely economic interests. [Citation.] In deciding whether a right is "fundamental" and "vested," the issue in each case is whether the " 'affected right is deemed to be of sufficient significance to preclude its extinction or abridgment by a body lacking *judicial* power.' [Citation.]" ' [Citation.]" (*Goat Hill Tavern, supra,* 6 Cal.App.4th at p. 1526.)

On appeal, whichever standard was used below, the standard for review of the trial court's factual determinations is whether they are supported by substantial evidence. (*Fukuda, supra,* 20 Cal.4th at p. 824; *Goat Hill Tavern, supra,* 6 Cal.App.4th at p. 1525.) "[A]n appellate court must uphold administrative findings unless the findings are so lacking in evidentiary support as to render them unreasonable. [Citations.] A reviewing court will not uphold a finding based on evidence which is inherently improbable [citation], or a finding based upon evidence which is irrelevant to the issues. [Citations.]" (*Hongsathavij v. Queen of Angels etc. Medical Center* (1998) 62 Cal.App.4th 1123, 1137 [73 Cal.Rptr.2d 695].) The reviewing court, like the trial court, may not reweigh the evidence, and is "bound to consider the facts in the light most favorable to the Board, giving it every reasonable inference and resolving all conflicts in its favor. [Citations.]" (*Flowers v. State Personnel Bd.* (1985) 174 Cal.App.3d 753, 758 [220 Cal.Rptr. 139].)

B. *Analysis*

In support of his contention that the Board's decision infringes upon what he asserts is his fundamental vested right to operate his business and thereby make a living, Jaramillo relies primarily on, and quotes, *Goat Hill Tavern, supra,* 6 Cal.App.4th at page 1529 for the proposition that "the right to continue operating an established business in which he has made a substantial investment" constitutes a fundamental vested right, and thus the court committed reversible error when it found that no fundamental right was implicated in this case. Jaramillo's reliance on *Goat Hill Tavern* is misplaced.

In *Goat Hill Tavern,* a tavern that had been in continuous operation for 35 years and had existed as a legal nonconforming use, sought a writ of administrative mandamus ordering the City of Costa Mesa to set aside its denial of the tavern owner's application for renewal of the tavern's six-month

conditional use permit, which had allowed the tavern to operate a game room it had constructed in an adjoining commercial space without a building permit or land use approval. (*Goat Hill Tavern, supra,* 6 Cal.App.4th at pp. 1522–1523.) Finding that the tavern owner, who had invested $1.75 million in refurbishing the property, had a vested property right, the trial court applied the independent judgment test, found the city's decision to deny renewal of the permit was not supported by the evidence, and granted the writ. (*Id.* at pp. 1523, 1525.) The city appealed, contending the trial court applied an incorrect standard of review, the owner had no fundamental vested right in the tavern, and thus the trial court's review should have been limited to a determination of whether substantial evidence supported the city's decision. (*Ibid.*)

Affirming the judgment granting the writ of mandate, the Court of Appeal held that the rights affected by the city's refusal to renew the tavern's conditional use permit were "sufficiently personal, vested and important to preclude its extinction by a nonjudicial body." (*Goat Hill Tavern, supra,* 6 Cal.App.4th at p. 1529.) Rejecting the city's contention that the tavern owner's right to continued operation of his business was not a fundamental vested right, the Court of Appeal characterized the owner's right as "the right to continue operating an established business in which he has made a substantial investment." (*Ibid.*) The court explained, however, that the facts of the case were "unique," and its decision was not based solely on the fact that the tavern was an established business in which the owner had made a substantial investment. Noting that "cases applying the independent judgment test in land use matters are few," the court stated, "we uphold its application here because of the *unique facts* presented. We might conclude differently were this, as the city attempts to suggest, a simple case of a property owner seeking a conditional use permit to begin a use of property. But it is not. Rather, [the tavern] is an existing business and a *legal* nonconforming use." (*Id.* at pp. 1529–1530, italics added.) The court then quoted *O'Hagen v. Board of Zoning Adjustment* (1971) 19 Cal.App.3d 151, 158 [96 Cal.Rptr. 484], with approval for the proposition that " '[w]here a permit has been *properly obtained* and in reliance thereon the permittee has incurred material expense, he acquires a vested property right to the protection of which he is entitled.' " (*Goat Hill Tavern, supra,* 6 Cal.App.4th at p. 1530, italics added.)

The *Goat Hill Tavern* court emphasized that its decision to set aside the city's denial of the permit renewal application was based on the fact that the tavern had operated *legally* for many years, stating: "By simply denying renewal of its conditional use permit, the city destroyed a business which has operated *legally* for 35 years. The action implicates a fundamental vested right of the property owner, and the trial court was correct in applying the independent judgment test." (*Goat Hill Tavern, supra,* 6 Cal.App.4th at p. 1531, italics added.) In a footnote, the court added: "[H]ad [the tavern]

never built its game room expansion, it would still be operating as a *legal* nonconforming use. . . ." (*Id.* at p. 1531, fn. 5, italics added.)

Here, Jaramillo complains that he has a fundamental vested right to continue operating his business because he "has spent [12] years building and successfully operating his business in which he has made a substantial investment in time and resources." However, unlike the tavern owner in *Goat Hill Tavern*, Jaramillo has not shown, and cannot show (for reasons we shall explain, below, in concluding that substantial evidence supports the court's decision) that he has operated his Radar Water Geophysics business *legally*.

We thus conclude that *Goat Hill Tavern, supra,* 6 Cal.App.4th 1519, the principal authority on which Jaramillo relies, is distinguishable. We also conclude that the court did not err by finding Jaramillo has no fundamental vested right in the continued operation of his business, and thus the court did not err by applying the substantial evidence, rather than the independent judgment, standard of review.

## II

### SUFFICIENCY OF THE EVIDENCE

Jaramillo also contends that even if the court properly applied the substantial evidence test, there is no substantial evidence to support the court's decision to uphold the Board's decision. We reject this contention.

The citation charged Jaramillo with practicing or offering to practice geophysics without legal authorization in violation of sections 7832 (see fn. 2, *ante*) and 7872(a) (see fn. 3, *ante* ) of the Geologist and Geophysicist Act. For purposes of the Act, the term "geophysics" is statutorily defined as "that science which involves *study of the physical earth by means of measuring its natural and induced fields of force*, including, but not limited to, electric, gravity, and magnetic, *and its responses to natural and induced energy and the interpreting of these measurements* and the relating of them to the physics of the earth." (§ 7802.1, italics added.)

Section 3003, subdivision (e) of the regulations defines the term "professional geophysical work" as "work performed at a professional level rather than at a subprofessional or apprentice level and requires the application of scientific knowledge, principles and methods to geophysical problems through the exercise of individual initiative and judgment in investigating, measuring, interpreting and reporting on the physical phenomena of the earth. Implicit in this definition is the recognition of professional responsibility and integrity and the acknowledgment of minimal supervision."

During the administrative hearing, Jaramillo admitted on cross-examination that he had never been licensed as geophysicist, geologist or hydrogeologist, and he had never taken a college course in geophysics, geology or hydrogeology. Jaramillo also admitted that he was not working under a licensed geologist when he performed his services for Deuling at the Anza parcel site. Nothing in the record indicates that Jaramillo has ever worked under a licensed geophysicist, geologist or hydrogeologist.

The parties stipulated to the admission in evidence of various exhibits, including Jaramillo's contract with Deuling for which the Board cited Jaramillo. The contract letterhead identified Jaramillo as "Radar Water *Geophysics*." (Italics added.) The Board called two witnesses: Sawyer and Sweeney. Sawyer stated he is a licensed California geologist and hydrogeologist, he is the chairman of the Board's technical advisory committee, and he assists in writing regulations for the Board. He testified with respect to Jaramillo's highway signs, the references on those signs to Jaramillo's Web sites (waterlocating.com & radarwater.com), and the contents of the Web sites and the written contract with Deuling.

After offering his interpretation of the signs, the Web sites and the contract, Sawyer testified that Jaramillo was offering geophysical services to the public. Regarding the statement in Jaramillo's Radar Water Geophysics Web site that Jaramillo specializes in aquifer location, Sawyer stated that "an aquifer is the geologic formation underground in which water exists . . . ." When asked whether someone specializing in aquifer location is required to be a geologist or geophysicist, Sawyer answered: "It would require the *interpretation of the geology of a site*[,] so therefore I would say yes, one would be required to be licensed for geophysics . . . ." (Italics added.) When asked whether the Web site statements indicating that Jaramillo employed "electronic techniques for analysis of groundwater resources" to "identify the aquifer's geologic characteristics that indicate a better drilling target" suggested that Jaramillo was required to be a licensed geologist or a licensed geophysicist, Sawyer testified: "The analysis of the groundwater resources by remote methods is geophysics and therefore in order to perform geophysics for others one has to be a geophysicist." Sawyer also stated that "identification of geologic characteristics in the subsurface is the sole purview of a licensed geologist."

When asked whether Jaramillo's Web site reference to "Computer Technology," and the statement contained in that Web site that such technology "Identifies Porous/Fractured Earth Where Water Often Collects," suggested that Jaramillo was advertising geology or geophysics services, Sawyer testified: "Well, the identification of porous or fractured earth in the subsurface is a geologic or geophysical investigation and therefore would require a license."

Sweeney, the Board's executive officer, stated he received a chemical engineering degree from Cornell in 1978, had worked in the petroleum industry for about 10 years, and had been employed by the State of California for almost 16 years. He testified that the Board had received complaints against Jaramillo from licensed geophysicists, the County of San Diego, and consumers, including Deuling. Sweeney testified about the contract between Jaramillo and Deuling, and stated that Jaramillo was "basically offering to provide geophysics services without a license." Sweeney also stated that based on the contract and the complaint received against Jaramillo from Deuling, the Board issued the citation against him for practicing geophysics without a license.

Sweeney also testified that he and his enforcement manager, who is a registered geologist, and a technical expert who was a licensed geophysicist, came to the opinion that the contract showed Jaramillo was clearly offering to practice geophysics for others, and thus Jaramillo was required under the Business and Professions Code to have a license. He also stated that the Board issued the citation because Jaramillo does not have a license to practice geophysics in California.

▆ The contract with Deuling and the foregoing testimony by Sawyer and Sweeney constitute substantial evidence that Jaramillo was practicing geophysics for others in California without a license in violation of section 7872(a). We reject Jaramillo's contention on appeal that Sawyer's testimony is "irrelevant," and thus cannot serve as a basis for upholding the Board's decision, because the Board only charged him with the unlicensed practice of geophysics, and Sawyer is a licensed geologist, not a licensed geophysicist. ▆ By failing to object to Sawyer's testimony at the time he gave that testimony at the administrative hearing, Jaramillo waived any objections, including the objection that Sawyer's testimony was not relevant. (*Tennant, supra,* 77 Cal.App.2d at p. 498; 1 Witkin, Cal. Evidence (4th ed. 2000) Introduction, § 83, p. 93.)

The administrative record also shows that after Jaramillo testified to his belief that he was exempt, under section 3003 of the regulations,[6] from

---

[6] Section 3003, subdivision (e) of the regulations provides in part: " 'Professional geophysical work' specifically does not include activities wherein the analysis or interpretation of geophysical or geological information is lacking. Such *nonprofessional* work . . . would encompass lesser forms of employment in field parties, the manufacture, assembly or maintenance and repair of geophysical instruments and equipment, computer programming, data processing or retrieval and routine activities normally performed by a technician in acquiring and reporting on geophysical information where the elements of initiative, scientific judgment and decision making are absent. It also does not include those engineering disciplines and other physical sciences wherein geophysical or geological investigation, analysis and interpretation are minimal or lacking." (Italics added.)

licensure under the Act, the Board recalled Sawyer as a rebuttal witness. Sawyer testified that professional services in geophysics or geology are "those services rendered to others that others will depend upon that are the interpretation, analysis, [and] investigation of the earth," including "[a]ll aspects of groundwater, geology, minerals, all aspects." He also stated that "[t]he only time that an individual doing such work would be exempt is when they are doing it for their own particular benefit, as in on their own property or working for a company who is not selling the geology but is selling the product of the geology, such as in minerals or oil." Sawyer explained that under section 3003 of the Board's regulations there is a distinction between professional practice and nonprofessional practice. He explained, for example, that a "subprofessional" geologist is a geologist who is working toward becoming a licensed geologist under an apprentice program that lasts at least five years.

Sawyer also testified that during the apprentice program, the subprofessional works under the direct supervision of a licensed geologist or geophysicist. He stated that Jaramillo would be an exempt subprofessional "[o]nly if he was working for a company that hired him and he had the appropriate background to be working towards getting his own license." He testified that Jaramillo was not exempt from licensure because his work required the interpretation of geology, he did not have a degree, he was not licensed, and he was not working toward getting a license. We conclude that Sawyer's foregoing rebuttal testimony constitutes substantial evidence that Jaramillo was not, and is not, exempt under section 3003 of the regulations from the licensure requirements of the Act.

■ In sum, we conclude that substantial evidence supports the Board's decision and the judgment entered by the court, and we reject Jaramillo's ancillary and related claims that the Board "egregiously manipulated evidence" by portraying Sawyer as an expert witness, that a miscarriage of justice occurred in this case, that the Board did not proceed in the manner required by law, that the Board's decision is not supported by the findings, that the Board's findings are not supported by the evidence, and that the Board's decision was insufficient to comply with the mandate in *Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 516 [113 Cal.Rptr. 836, 522 P.2d 12], that the findings be sufficient to "facilitate orderly analysis and minimize the likelihood that the agency will randomly leap from evidence to conclusions."

## III

## *DENIAL OF A FAIR HEARING*

Last, Jaramillo contends he was denied a fair hearing because the Board failed to provide adequate notice of the charges against him. Specifically, he complains that although he was charged with a violation of section 7832, that section "is not a violation statute" because it "does not contain the word violation or any variation thereof." He also complains that although he was not charged with a violation of section 3062.1 of the regulations, the Board's decision found that he had violated that regulation. Jaramillo's claim that he was denied a fair hearing is unavailing.

### A. *Section 7832*

Section 7832, which authorizes the Board to hold Jaramillo accountable for his unlicensed practice of geophysics, provides: "Any person, except as in this chapter specifically exempted, who shall practice or offer to practice geology or geophysics for others in this state is subject to the provisions of this chapter."

In the citation, the Board stated in part that the citation was being issued to Jaramillo "for *violation(s) of . . . sections 7832 (person practicing or offering to practice geophysics subject to provisions of Geologist and Geophysicist Act)* and 7872(a) (practice without legal authorization)." (Italics added.) The citation also stated that the Board "hereby orders you to cease and desist from *violating section 7832* and section 7872(a)." (Italics added.)

Although the citation expressly charged Jaramillo with a "violation" of section 7832, we construe the foregoing citation language to be an allegation that Jaramillo was a person subject to the provisions of the Act within the meaning of that section. As already discussed, substantial evidence supports both a finding that Jaramillo was practicing or offering to practice geophysics for others in California without a license in violation of section 7872(a) and a finding that Jaramillo was not exempt from the licensure requirements of the Act. Substantial evidence thus supports the allegation in the citation that Jaramillo was a person "subject to the provisions of [the Act]" within the meaning of section 7832. We conclude that the citation provided Jaramillo adequate notice that the Board was charging under section 7832 that he was a person subject to the provisions of the Act, and the Board's use of the term

"violation" in reference to the section 7832 allegation did not result in the denial of Jaramillo's right to a fair hearing.

## B. *Section 3062.1 of the Regulations*

Jaramillo also complains that "[e]ven though [the Board] never charged [him] with a violation of [section 3062.1 of the regulations] nor notified him of the charge thereof, [the Board] nevertheless found [him] to have violated that law." He maintains that "[i]t is a denial of due process to find that [he] violated [that regulation] where [he] neither was charged with nor received notice thereof," and thus he was denied a fair hearing because he "was not afforded adequate written notice of all charges" as required by law. Jaramillo's complaints are unavailing.

Section 3062.1 of the regulations provides the statutory basis for the $2,500 fine imposed in this matter.[7] In its decision, the Board stated in part under "LEGAL CONCLUSIONS" that "[c]ause exists to sustain the citation for *violation of . . . section 3062.1 [of the regulations]* in that [Jaramillo] practiced or offered to practice geophysics without a license and without legal authorization . . . ." (Italics added.) Under the "ORDER" section of its decision, the Board ordered Jaramillo to pay to the Board an administrative fine in the amount of $2,500 within 30 days of the effective date of the Board's final decision.

Although the Board found Jaramillo had "violat[ed]" section 3062.1 of the regulations, we construe this finding to be a finding that cause existed to impose against Jaramillo, under that regulation, a $2,500 administrative fine for practicing or offering to practice geophysics for others in California without a license and without legal authorization in violation of section 7872(a). We conclude that because the citation adequately notified Jaramillo that section 3062.1 of the regulations authorized the imposition of the fine, we reject his contention that he was denied a fair hearing.

---

[7] Section 3062.1 of the regulations provides: "(a) Before assessing an administrative fine pursuant to Section 3062, the executive officer shall give due consideration to the gravity of the violation, the good faith of the person cited, and the history of previous violations. [¶] (b) In no event shall the administrative fine be assessed in an amount greater than two thousand five hundred dollars ($2,500) for each inspection or each investigation made with respect to any violation of the following provisions: [¶] Business and Professions Code Section and Description [¶] . . . [¶] 7832 Offers to Practice or Practices Geology or Geophysics for Others [¶] . . . [¶] 7872(a) Unregistered Practice . . . ." On appeal, Jaramillo does not challenge the amount of the fine.

## DISPOSITION

The judgment is affirmed. The Board shall recover from Jaramillo its costs on appeal.

Haller, J., and O'Rourke, J., concurred.

A petition for a rehearing was denied February 10, 2006, and appellant's petition for review by the Supreme Court was denied April 26, 2006, S142072.